UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRYAN D. BURKE,

    Petitioner,

v.                                    Case No.: 2:25-cv-232-SPC-KCD

WARDEN SHANE BAKER,

    Respondent.
_____/

## OPINION AND ORDER

Before the Court is Petitioner Bryan D. Burke's Application for a Writ of Habeas Corpus (Doc. 1). Burke is a prisoner of the Florida Department of Corrections serving a 30 year sentence for burglary. In 2021, Burke pleaded guilty to eight felony counts in the Fort Lauderdale Division of the Southern District of Florida. *See United States v. Burke*, Case No. 0:21-cr-60144-WPD (Doc. 74, entered Oct. 12, 2021). Burke generally challenges the legality of the federal conviction—though he does not explain why—and asks the Court to either (1) command the warden of DeSoto Correctional Institution to justify Burke's incarceration or (2) order Burke's immediate release from state prison and discharge his federal prison sentence.

The Court would normally transfer this case to the Fort Lauderdale Division of the Southern District of Florida, but that is not necessary here.

Burke filed a similar habeas petition in the Fort Lauderdale court. This action is duplicative of the pending Fort Lauderdale petition. The Eleventh Circuit explained how federal courts treat duplicative civil actions:

> It is well established that as between federal courts, the general principle is to avoid duplicative litigation. This doctrine rests on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation. Although no precise test has been articulated for making this determination, the general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions. Trial courts are afforded broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court.

*I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541, 1552 (11th Cir. 1986) (cleaned up). The Court will dismiss this action as duplicative.

Also, Burke has already filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, which the Fort Lauderdale court denied. "A second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals[.]" 28 U.S.C. § 2255(h). Before filing a second postconviction challenge to his federal sentence, Burke must obtain the Eleventh Circuit's authorization. If the Eleventh Circuit authorizes a successive § 2255 motion, Burke may file it in the Fort Lauderdale court.

1. Petitioner Bryan D. Burke's Application for a Writ of Habeas Corpus (Doc. 1) is **DISMISSED without prejudice**.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

3. Burke is not entitled to a certificate of appealability.

**DONE** and **ORDERED** in Fort Myers, Florida on March 24, 2025.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

4